# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LEE REED,

    Petitioner,

v.

CALVIN JOHNSON, WARDEN,

    Respondent.

Case No.: 2:21-cv-00942-APG-EJY

**Order Dismissing Grounds from Petition and Directing Response to Remaining Grounds**

[ECF No. 1]

Petitioner Lee Reed has filed a counseled habeas corpus petition under 28 U.S.C. § 2254, challenging his state-court convictions for first-degree murder with the use of a deadly weapon and failure to stop on the signal of a police officer.[1] I have reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. I will dismiss grounds 4-7 of the petition because they plainly lack merit. I will direct service of the petition upon respondent Calvin Johnson for a response to the remaining three grounds.

## I.     Relevant Background

I give only the procedural history of the case that is relevant to understanding ground 4.

At the start of the jury-selection process, the trial judge did not administer the required oath to the prospective jurors.[2] Trial counsel did not object to the failure to administer the oath. On direct appeal, appellate counsel did not raise the lack of the oath as an issue on appeal.

Reed raised the issue in his *pro se* post-conviction habeas corpus petition filed in the state district court. Ground 1 of that petition was a claim that trial counsel provided ineffective

---

[1] ECF No. 1.
[2] *See* Nev. Rev. Stat. § 16.035(5).

assistance by not objecting to the failure to administer the oath to the prospective jurors.[3]
Ground 5 was the underlying claim that the trial judge committed a structural error by failing to
administer the oath to the prospective jurors.[4] The state district judge denied the petition without
appointing counsel or holding an evidentiary hearing.[5] On appeal, the Supreme Court of Nevada
reversed and remanded only on the claim of ineffective assistance of trial counsel for not
objecting to the failure to administer the oath.[6]

      The state district judge then appointed counsel, who filed a counseled supplemental
petition.[7] In the supplement's sole ground, Reed claimed that trial counsel provided ineffective
assistance by not objecting to the failure to administer the oath and that *appellate counsel*
provided ineffective assistance by not raising the issue on direct appeal.[8] The judge denied the
petition after an evidentiary hearing.[9] Regarding the claim of ineffective assistance of appellate
counsel, the judge made three rulings. First, the claim exceeded the scope of the Supreme Court
of Nevada's remand.[10] Second, the claim was untimely under Nev. Rev. Stat. § 34.726(1).[11]
Third, in the alternative, Reed had not demonstrated that the lack of the issue on direct appeal
had prejudiced him.[12] On appeal, the Supreme Court of Nevada determined that the district

---

[3] ECF No. 3-14 at 6-7.
[4] ECF No. 3-14 at 15.
[5] ECF No. 3-18.
[6] ECF No. 3-20 at 3.
[7] ECF No. 3-22.
[8] *Id.* at 24.
[9] ECF No. 3-26.
[10] *Id.* at 9.
[11] *Id.* at 9-10.
[12] *Id.* at 10-11.

judge reached the correct outcome because the claim of ineffective assistance of appellate counsel was outside the scope of the remand.[13]

II.     Discussion

    A.     **Ground 4 lacks merit**

Ground 4 claims that the Supreme Court of Nevada erred on post-conviction appeal when it affirmed the district judge's decision that the claim of ineffective assistance of appellate counsel was time-barred and outside the scope of the remand. Ground 4 *is not* a claim that appellate counsel provided ineffective assistance by not raising on direct appeal the trial judge's failure to administer the oath to the prospective jurors. The ineffective-assistance claim is part of ground 3.[14]

Ground 4 lacks merit. Errors in state post-conviction proceedings are not addressable in federal habeas corpus. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). Ground 4 claims the Supreme Court of Nevada erred in its application of state law by holding that the claim of ineffective assistance of appellate counsel both exceeded its own remand and was time-barred. Nothing in ground 4 is a claim that Reed is in custody in violation of the Constitution or laws of the United States.[15] I thus dismiss ground 4.

    B.     **Grounds 5-7 are without merit**

Reed states that he has adopted these grounds from his *pro se* informal brief filed in the Supreme Court of Nevada on July 15, 2016.[16] Ground 5 alleges, "Reed submits that Trial Counsel erroneously created conflicts of interest by failing to withdraw as counsel so that he

---

[13] ECF No. 3-32 at 4-5.
[14] ECF No. 1 at 47-63.
[15] *See* 28 U.S.C. § 2254(a).
[16] ECF No. 1 at 71.

3

could testify to impeachment statements regarding one witness. Reed additionally submits that Trial Counsel erroneously kept evidence of gang affiliation away from the jury." Ground 6 alleges, "Reed submits that the Nevada Supreme Court erroneously denied his claim that Trial Counsel was ineffective for failing to sever the murder charge from the failure to stop on signal of police charge. Trial Counsel's failure to move to sever the charges prejudiced Reed because it allowed the prosecutor to use evidence of one charge to prove the other charge." Ground 7 alleges, "Reed submits that Appellate Counsel was ineffective for failing to challenge the implied malice jury instruction as erroneous and unconstitutional." These are the entire allegations for grounds 5 through 7, other than identical statements that the Supreme Court of Nevada's denial was unreasonable.

These grounds lack any specific facts and fail to meet the standards of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. If this were a *pro se* petition, I would direct Reed to file an amended petition that alleged specific facts in support of these grounds. However, this is a counseled petition, and I presume that counsel conducted a considered review of the case. If, after that review, counsel could assert nothing more than a minor adaptation of Reed's vague and conclusory *pro se* arguments, then I conclude that there are no facts in support of these grounds. I dismiss grounds 5, 6, and 7 because they plainly lack merit.

### III.  Conclusion

I THEREFORE ORDER that grounds 4, 5, 6, and 7 are **DISMISSED** from the petition.

I FURTHER ORDER the clerk to add Aaron Ford, Attorney General for the State of Nevada, as counsel for the respondent.

I FURTHER ORDER the clerk to provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing to the office of the Attorney General only.

I FURTHER ORDER Johnson to file a response to the petition, including potentially by motion to dismiss, **by August 4, 2021**, and that Reed may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed by Local Rule LR 7-2(b).

I FURTHER ORDER that any procedural defenses raised by Johnson must be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Johnson must not file a response that consolidates his procedural defenses, if any, with his response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Johnson seeks dismissal of unexhausted claims under § 2254(b)(2): (a) he must do so within the single motion to dismiss not in the answer; and (b) he must specifically direct the argument to the standard for dismissal under § 2254(b)(2) set forth in <u>Cassett v. Stewart</u>, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, Johnson must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed to do so.

DATED this 4th day of June, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE