UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEE REED, | Case No.: 2:21-cv-00942-APG-EJY |
| Petitioner, | **Order Granting Motion to Dismiss** |
| v. | [ECF Nos. 9, 16] |
| CALVIN JOHNSON, WARDEN, | |
| Respondent. | |

This is a habeas corpus action under 28 U.S.C. § 2254. The respondents move to dismiss.[1] Because petitioner Lee Reed has not exhausted his state-court remedies for part of ground 3 of the petition,[2] I grant the motion to dismiss. Reed needs to decide what to do with the unexhausted part of ground 3.

The respondents have also moved for leave to file exhibits under seal.[3] I grant this motion.

**I.  Background**

Reed was charged in state court with one count each of conspiracy to commit murder, murder with the use of a deadly weapon, and failure to stop on the signal of a police officer.[4] At the start of jury selection, the trial judge failed to administer to the prospective jurors an oath that they truthfully answer the questions put to them, without objection.[5] The jury found Reed guilty

---

[1] ECF No. 9.
[2] ECF No. 1.
[3] ECF No. 16.
[4] ECF No. 3-3.
[5] *See* Nev. Rev. Stat. § 16.030(5) (formation of jury in civil actions); Nev. Rev. Stat. § 175.021(1) (applying rules of formation of jury in civil actions to criminal actions).

of first-degree murder with the use of a deadly weapon and failure to stop on the signal of a police officer; the jury found Reed not guilty of conspiracy to commit murder.[6] Reed appealed, and the Supreme Court of Nevada affirmed.[7]

Reed filed a post-conviction habeas corpus petition in the state district court.[8] He raised multiple grounds for relief, but the ground relevant to the current motion to dismiss is ground 1. In ground 1, Reed claimed that trial counsel provided ineffective assistance because trial counsel did not object to the trial court's failure to administer the oath to the prospective jurors.[9] The state district court denied the petition.[10]

Reed appealed.[11] The Supreme Court of Nevada affirmed the district court's denial of all grounds except ground 1.[12] As for ground 1, the court reversed "the district court's order as it relates to this claim only and remand[ed] for the district court to consider in the first instance whether Reed can demonstrate deficient performance and prejudice."[13]

Back in the state district court and now represented by counsel, Reed filed a supplemental petition.[14] The sole ground for relief in the supplemental petition contained two claims. First, Reed repeated his claim that trial counsel failed to object to the trial court not administering the

---

[6] ECF No. 3-4.
[7] ECF No. 3-12.
[8] ECF No. 3-14.
[9] *Id.* at 6-7. My page-number citations are to the pages generated by the court's CM/ECF docketing system, and not to any document's own page numbers.
[10] ECF No. 3-18.
[11] ECF No. 3-17.
[12] ECF No. 3-20 at 3-5.
[13] *Id.* at 3.
[14] ECF No. 3-22.

required oath to the prospective jurors.[15] Second, Reed added a new claim that appellate counsel provided ineffective assistance by not raising on direct appeal the trial court not administering the required oath.[16] The court denied the claim of ineffective assistance of trial counsel on its merits.[17] The court denied relief on the claim of ineffective assistance of appellate counsel because that claim exceeded the scope of the Supreme Court of Nevada's remand.[18] The district court also held that the claim of ineffective assistance of appellate counsel was untimely.[19] On appeal, the Supreme Court of Nevada affirmed the district court's determination that the claim of ineffective assistance of appellate counsel was outside the scope of the remand.[20] Regarding the district court's ruling that the claim was untimely, the Supreme Court of Nevada stated, "The district court therefore reached the correct outcome when it denied Reed's claim as untimely and procedurally barred."[21] The court then cited *Wyatt v. State*[22] for the proposition that it will affirm on appeal a decision that reaches the right result for the wrong reason.[23] I assume that the Supreme Court of Nevada determined that the state district court's finding of untimeliness was incorrect but affirmed because the claim of ineffective assistance of appellate counsel was beyond the scope of the remand.

---

[15] *Id.* at 24-32.
[16] *Id.*
[17] ECF No. 3-26 at 5-9.
[18] *Id.* at 9.
[19] *Id.* at 9-10 (citing Nev. Rev. Stat. § 34.726).
[20] ECF No. 3-32 at 4.
[21] *Id.* at 4.
[22] 468 P.2d 338, 341 (Nev. 1970)
[23] ECF No. 3-32 at 4-5.

Reed then filed his current § 2254 petition in this court.[24] In ground 3, he claims that trial counsel failed to object to, and that appellate counsel failed to raise the issue of, the trial court not administering the oath.[25] The respondents have divided ground 3 into two parts. Ground 3.A is the claim that trial counsel failed to object to the trial court not administering the oath. Ground 3.B is the claim that appellate counsel failed to raise the issue of the trial court not administering the oath. For ease of analysis, I adopt the respondents' division of ground 3.

## II. Legal Standard

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.[26] To exhaust a ground for relief, the petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.[27] "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."[28]

## III. Discussion

### A. Ground 3.B is not exhausted

Respondents argue that ground 3.B is not exhausted. I agree. Reed did not raise the issue in ground 3.B in his initial state post-conviction habeas corpus petition. The Supreme Court of Nevada reversed and remanded specifically and only for consideration of the issue in ground

---

[24] ECF No. 1.

[25] *Id.* at 47-63.

[26] 28 U.S.C. § 2254(b).

[27] *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[28] *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

3.A.  Reed then raised the issue in ground 3.B in a supplemental petition filed in the state district court after the remand.  The district court and the Supreme Court of Nevada then determined that the issue in ground 3.B exceeded the scope of the remand.  Reed thus presented ground 3.B to the state courts in a procedural context in which its merits would not be considered.  That was not fair presentation, and ground 3.B is not exhausted.[29]

I disagree with Reed's argument that he raised the claim in ground 3.B through the only state procedural mechanism available to him, which was the supplemental petition.[30]  Reed could have raised the claim in his initial state post-conviction habeas corpus petition, just as he did with the claim in ground 3.A and his other claims.  But when the Supreme Court of Nevada stated that it was remanding for consideration of one specific issue only, that remand did not then create a procedural mechanism that allowed Reed to raise a new claim in those state post-conviction habeas corpus proceedings.

I am not stating that Reed now has no procedural mechanism to raise the claim in ground 3.A in the state courts.  That would excuse the exhaustion requirement, but it would also mean that ground 3.A is procedurally defaulted.[31]  Reed can file another state post-conviction habeas corpus petition that raises the claim in ground 3.A.  That petition would be subject to state-law procedural bars against untimely, successive, and abusive petitions, and perhaps others, but those procedural bars allow Reed to demonstrate cause and prejudice to excuse their operation.[32] Nevada's standards for cause and prejudice are functionally identical to the federal standards for

---

[29] *See Roettgen*, 33 F.3d at 38.
[30] ECF No. 21 at 3.
[31] *See* 28 U.S.C. § 2254(c).
[32] *See* Nev. Rev. Stat. §§ 34.726, 34.810

5

cause and prejudice to excuse a procedural default.[33]  If I were to rule that Reed had no available state-court procedure to exhaust ground 3.B, then I necessarily would be ruling that Reed could not show cause and prejudice in the state courts to excuse the state-law procedural bars.  That ruling would be tantamount to ruling that Reed could not show cause and prejudice in this court to excuse the resulting procedural default.  The result would be dismissal of ground 3.B.  I will leave open to Reed the option of returning to state court to try to demonstrate cause and prejudice.

The petition is mixed, containing both claims that are exhausted in state court and claims that are not exhausted in state court, and it is subject to dismissal.[34]

**B.     The motion for leave to file exhibits under seal is granted**

The exhibits in question are Reed's pre-sentence investigation report and supplemental pre-sentence investigation report.  These exhibits contain confidential information.  Compelling reasons exist to grant the motion and seal these exhibits.[35]

**IV.    Conclusion**

I THEREFORE ORDER that the respondents' motion to dismiss **(ECF No. 9) is GRANTED**.  Ground 3.B is unexhausted.

---

[33] *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).  The exception would be for a procedurally defaulted claim of ineffective assistance of trial counsel.  A federal petitioner can show cause and prejudice to excuse that default by demonstrating either the absence of state post-conviction counsel, or the ineffective assistance of post-conviction counsel. *Martinez v. Ryan*, 566 U.S. 1 (2012).  Nevada has not adopted *Martinez* for state-law procedural bars. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). *Martinez* is inapplicable because ground 3.B is not a claim of ineffective assistance of trial counsel.  *See Davila v. Davis*, 137 S. Ct. 2058 (2017).

[34] *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

[35] *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

I FURTHER ORDER that Reed must file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds 3.B, or for other appropriate relief by **June 3, 2022**. Within 10 days of filing such motion, Reed must file a signed declaration under penalty of perjury under 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

I FURTHER ORDER that the respondents' motion for leave to file exhibits under seal **(ECF No. 16) is GRANTED**.

DATED this 30th day of April, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE