UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEE REED,<br><br>　　　　　Petitioner,<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　　　　Respondents. | Case No.: 2:21-cv-00942-APG-EJY<br><br>**Order Granting<br>Motion to Dismiss Ground 3B**<br><br>[ECF No. 25] |

On April 30, 2022, I granted the respondents' motion to dismiss (ECF No. 9), ruled that Ground 3B of petitioner Lee Reed's petition for writ of habeas corpus (ECF No. 1) is unexhausted in state court, and granted Reed time to make an election regarding that unexhausted claim. ECF No. 23

On June 3, 2022, Reed moved to dismiss Ground 3B. ECF No. 25. And on June 21, 2022, Reed filed a declaration, signed by him, confirming that he authorized his counsel to move to voluntary dismiss Ground 3B. ECF No. 29, p. 4. The respondents do not oppose. ECF No. 28.

I THEREFORE ORDER that Reed's Motion to Dismiss Ground 3B **(ECF No. 25) is GRANTED**. Ground 3B of the Petition for Writ of Habeas Corpus (Petitioner's claim that his appellate counsel was ineffective for failing to raise on direct appeal that the trial court did not administer the oath or affirmation to the jury prior to voir dire) is dismissed.

I FURTHER ORDER that Reed's Motion for Leave to File Mr. Lee Reed's Signed Declaration **(ECF No. 29) is GRANTED**. The Clerk of the Court need take no action.

1   I FURTHER ORDER that the following schedule will govern further proceedings in this
2 action:

3   1. <u>Answer</u>. The respondents will have until September 23, 2022 to file an answer
4 responding to the remaining claims in the petition for writ of habeas corpus.

5   2. <u>Reply and Response to Reply</u>. Reed will have 60 days following filing of the answer
6 to file a reply. The respondents will thereafter have 30 days following filing of a reply to file a
7 response to the reply.

8   3. <u>Discovery</u>. If Reed wishes to move for leave to conduct discovery, he shall file such
9 motion concurrently with, but separate from, his reply to the respondents' answer. Any motion
10 for leave to conduct discovery filed by Reed before that time may be considered premature and
11 denied without prejudice on that basis. The respondents shall file a response to any such motion
12 concurrently with, but separate from, their response to Reed's reply. Thereafter, Reed will have
13 20 days to file a reply in support of the motion for leave to conduct discovery.

14   4. <u>Evidentiary Hearing</u>. If Reed wishes to request an evidentiary hearing, he shall file a
15 motion for an evidentiary hearing concurrently with, but separate from, his reply to the
16 respondents' answer. Any motion for an evidentiary hearing filed by Reed before that time may
17 be considered premature and denied without prejudice on that basis. The motion must
18 specifically address why an evidentiary hearing is necessary and must satisfy the requirements of
19 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state
20 court and, if so, where the transcript is to be found in the record. If Reed moves for an
21 evidentiary hearing, the respondents shall file a response to that motion concurrently with, but
22 / / / /
23

separate from, their response to Reed's reply.  Thereafter, Reed will have 20 days to file a reply in support of the motion for an evidentiary hearing.

Dated: June 22, 2022

```
                                    _____
                                    ANDREW P. GORDON
                                    UNITED STATES DISTRICT JUDGE
```